GEORGE B. KELLUM et al., Appellants, *v.* WILLIAM A. DURFOO et al., Respondents.

The determination of questions, relating solely to matters of practice in the disposition by the court below of causes on its own calendar, will not be interfered with by this court.

The court on motion, or of its own volition, may direct questions of fact in an action to be tried at Circuit.

A cause was moved for trial at Circuit; by direction of the court it was placed on the Special Term calendar. The Special Term ordered additional parties to be brought in as parties defendant. On appeal from such order the General Term reversed it and directed the cause to be placed on the Circuit calendar for trial. *Held,* that the General Term order was not appealable; that any question as to the mode of trial, or as to parties, could and should be raised upon trial, and an exception taken, to be heard on appeal from judgment.

(Argued October 14, 1879; decided November 11, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term. (Reported below, 17 Hun, 583.)

This was an action to recover damages for alleged illegal acts of defendants.

The complaint charged the defendants with unlawfully, and with intent to injure the plaintiffs, seizing the barque " Kedar," in which the plaintiffs were half owners, and interrupting her voyage from Gibara, Cuba, to Valparaiso, for which she was then under charter, subjecting the plaintiffs to large losses.

The case was brought to trial at the Circuit, and the plaintiffs' counsel having stated in his opening that the defendants were part owners, the presiding judge held it to be an equitable action triable without a jury at Special Term, and ordered it placed on the Special Term calendar. This was done, and when moved for trial there the defendants' counsel objected to the trial proceeding on the ground that two other persons were also part owners and should be brought in as parties. Whereupon the court suspended the trial and ordered the plaintiffs to make said person parties, or to make such allegations as would furnish an excuse for not bringing them before the court, and also to amend their complaint by inserting the proper allegations to charge the defendants in an equitable action.

On appeal from this order the General Term reversed it, and ordered the case to be placed on the Circuit calendar for trial.

*Robert D. Benedict,* for appellants.

*Erastus Cooke,* for respondents. The order appealed from related to matters of practice and was not appealable. (Code of Civil Procedure, §§ 971–976; *Cole* v. *Tefft,* 47 N. Y., 121; *Cockburn* v. *Thompson,* 16 Ves., 326; *Adair* v. *New River Co.,* 11 id., 444; *Elmendorf* v. *Taylor,* 10 Wheat., 167–168.)

*Per Curiam.* This is an appeal from an order of the General Term, reversing an order of the Special Term, direct-

ing additional parties to be brought in as parties defendant. The cause was moved for trial at the Circuit, and by direction of the presiding justice, placed on the Special Term calendar, who made the order appealed from. The General Term reversed the order of the Special Term, and ordered the cause to be placed on the Circuit calendar for trial.

The question involved relates to a matter of practice only, in the disposition by the court of causes on its own calendar. The court on motion, or of its own volition may direct questions of fact to be tried at Circuit. If any substantial right of the parties is violated, in the final disposition of the issues tried, whether as to the mode of trial or otherwise, such question may be raised on the trial, and exception taken.

The question whether the action can be maintained by one of the owners, and a recovery had for his share of the damages, is one which may be raised upon the trial, and an exception taken, to be heard upon appeal from the judgment. We think that is the appropriate way of reviewing the question, rather than upon this preliminary motion, where at most it is only incidentally involved. The position of the counsel for the defendant as to the distinction between the relation of the parties to the property, and their relation to the business carried on, is recognized by the authorities, and the contention that such distinction will prevent a part owner from a recovery against a *tort feasor*, for an injury or destruction of the profits of a particular voyage, may be well founded, although no direct authority has been cited to establish it. We deem it premature to adjudicate the point until the real facts are developed upon the trial, and the question is presented directly.

The appeal should be dismissed.

All concur.

Appeal dismissed.